# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISCTRICT OF GEORGIA – ATLANTA DIVISION

FILED IN ~~~~~~~~~~~~
OCT 30 2008

JAMES N. HATTEN, CLERK
By: _J. Grayson_

|  |  |
|---|---|
| MARK A. ADAMS <br> and ALTON M. ADAMS, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> ) |
| BANK OF AMERICA <br> CORPORATION and <br> PENNCRO ASSOCIATES, INC. | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**1 08 - CV - 3376  -GET**

Civil Action No. _____

## COMPLAINT FOR DAMAGES

COME NOW the Plaintiffs, Alton M. Adams (herein sometimes called "Alton") and Mark. A. Adams (herein sometimes called "Mark") and file the within Complaint against Defendants, Bank of America Corporation (herein sometimes called "Bank of America") and Penncro Associates, Inc. (herein sometimes called "Penncro"), and show this Court as follows:

## PARTIES

1.      Alton M. Adams is an individual who resides at 60 Ridgeview Heights, Toccoa, Stephens County, Georgia 30577.

2.      Mark A. Adams is an individual who resides at 700 Alstonefield Dr.,

Alpharetta, Fulton County, Georgia 30004.

3.     Bank of America is a profit corporation whose principal office address is 401 North Tryon Street, Charlotte, North Carolina 28255-0001, domesticated in Georgia, and whose registered agent in Georgia is CT Corporation System, 1201 Peachtree Street, N. E., Atlanta, Fulton County, Georgia 30361.

4.     Penncro Associates, Inc. is a profit corporation whose principal office address is 95 James Way, Suite 113, Southampton, Pennsylvania 18966-3847, domesticated in Georgia, and whose registered agent in Georgia is CT Corporation System, 1201 Peachtree Street, N. E., Atlanta, Fulton County, Georgia 30361.

## JURISDICTION AND VENUE

5.     The jurisdiction of this court is based on diversity of citizenship pursuant to 28 USC § 1332.

6.     This is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.     Plaintiffs are natural persons who are residents of the state of Georgia.

8.     Defendant Bank of America is a corporation incorporated under the laws of Delaware has its principal place of business at 401 N. Tryon Street, Charlotte, North Carolina 28255-0001

9.     Defendant Penncro Associates, Inc. is a corporation incorporated

2

under the laws of the state of Pennsylvania and has its principal place of business at 95 James Way, Suite 113, Southampton, Pennsylvania 18966-3847.

10.    The jurisdiction of this court is also based upon Federal Question Jurisdiction, 28 USC § 1331.  Count II of the complaint alleges a cause of action under Fair Debt Collection Practices Act, 15 USC §§ 1692 – 1692(p) (hereinafter called the "FDCPA") which provides that any action to enforce civil liability under the FDCPA  may be brought in any appropriate United States District Court without regard to the amount in controversy. 15 USC § 1692(k).

11. Venue is proper in this district under 28 USC § 1391(a) because jurisdiction is primarily founded on diversity of jurisdiction and the registered agents of both defendants Bank of America and Penncro reside in the northern district of Georgia, Atlanta Division.  The registered agent is CT Corporation with an address of 1201 Peachtree Street, N. E., Atlanta, Fulton County, Georgia 30361.  Additionally Plaintiff Mark A. Adams resides in Fulton County, Georgia with an address of 700 Alstonefield Dr., Alpharetta, Georgia 30004.

## **FACTS**

12.    Defendant Penncro, at all times relevant to this complaint, was the agent of Bank of America and, as such, Bank of America is liable for the actions of Penncro and Penncro is additionally liable for its own actions.

3

13.    On information and belief, Penncro, before and during the time alleged in this complaint, had a continuing agency relationship with the Bank of America whereby Penncro acted as a collection agent for Bank of America.

14.    Mark A. Adams was a customer of Bank of America who had a line of credit of $10,000.00 in connection with account number 4427-1030-0013-5771 (herein "The Account").

15.    Plaintiff Mark A. Adams is the son of Plaintiff Alton M. Adams.

16.    After having The Account for a number of years, Mark suffered financial reverses and health problems which prevented Mark from paying the account.

17.    With Mark's consent, Alton began negotiations with Bank of America to settle the balance of The Account.  Bank of America required a statement under oath of the assets and liabilities of Mark and his wife.  Bank of America further required a statement of income and expenses per month of Mark and his wife.

18.    By letter from Alton dated July 16, 2007, copy attached as Exhibit "B" pp. 1-15, Bank of America was provided information as requested wherein an offer was made by Alton to pay on behalf of Mark $5,000.00 to settle entirely The Account.  The Account at that time had a balance of approximately $9,030.91.

19.    Bank of America, through its customer assistance department, by

4

letter dated August 3, 2007, (copy attached as Exhibit "C" pp. 1-2) accepted Alton's offer to settle Mark's account for $5,000.00.

20.     By letter dated August 6, 2007, sent to Bank of America by UPS, (copy attached as Exhibit "D" pp. 1-3), Bank of America was sent a certified check for $5,000.00.  The certified check, (copy attached as Exhibit "E"), had written thereon The Account number and listed the remitter as Mark A. Adams.  The letter stated the $5,000.00 payment was the settlement to which Bank of America had agreed in writing.

21.     Subsequently, on December 19, 2007, Mark received a letter from Penncro (copy attached as Exhibit "F"), attempting to collect $4,390.11.  The letter made no reference to the creditor and contained an account number which was alien to Mark and Alton.

22.     It was not until July 11, 2008 that Bank of America's consumer assistance department confirmed the following: when an account is "written off," the balance is assigned a second number and apparently then referred for collection by its agents.

23.     Penncro, as agent of Bank of America, was sent by Adams Law Firm, L.L.C. a letter dated February 3, 2008 (copy attached as Exhibit "G" pp. 1-5), wherein Alton correctly surmised that the letter from Penncro was an effort on

behalf of Bank of America to collect the balance of The Account which had been settled for the payment of $5,000.00 six months earlier.

24.     Neither Adams Law Firm, L.L.C. nor Mark ever received any response from Penncro or Bank of America to the February 3, 2008, letter.

25.     Subsequently, Mark commenced receiving demands for payment directly from Bank of America or from Penncro or other collection agent acting as Bank of America's representative.   Mark advised the person calling that he was represented by Adams Law Firm, L.L.C. and requested the caller to contact Alton.

26.     At the same time, Alton was negotiating settlement of the last known delinquent account of Mark which was with Citibank in connection with a MasterCard credit card.   Alton had decided to pay the Citibank MasterCard indebtedness so that Mark would be free from credit card debt and free from debt collection agencies.

27.     Subsequently, Alton received a call wherein the caller threatened litigation if the account was not settled within a short time.   All of Alton's telephone conferences for two or three weeks prior thereto had been in connection with the Citibank account.   Alton assumed the caller threatening litigation represented Citibank or one of its collection agencies.   Therefore, Alton on behalf of Mark agreed to pay $3,918.00 by debit from Alton's law firm operating account

with Stephens Federal Bank. See copy of bank statement showing debit on May 21, 2008, attached as Exhibit "H."

28.    Thereafter, Alton began receiving more collection calls in regard to the Citibank indebtedness. Alton argued that he had paid $3,918.00 to settle the Citibank account on May 21, 2008.

29.    Mark subsequently received a letter from Bank of America (copy attached as Exhibit "I") dated June 13, 2008 wherein Bank of America thanked Mark for his "final payment" toward settlement "of $3,913.00." It was then that Alton first realized that Bank of America had directly or through Penncro, its agent, fraudulently collected a debt which had been settled and satisfied on August 6, 2007, after much negotiation and effort.

## COUNT I

## VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT OF 1975, O.C.G.A. § 10-1-390 et seq.

30.    The allegations of paragraphs 1 – 29 are incorporated in this Count 1 by reference as though fully and completely set forth herein.

31.    The actions of Bank of America and Penncro described constitute an unlawful practice in violation of the Georgia Fair Business Practices Act of 1975, (O.C.G.A. § 10-1-390, et seq.), (herein "The FBPA").

7

32.     Specifically, the account of Mark with Bank of America was a consumer transaction within the meaning of The FBPA.

33.     The consumer transaction, in the present case, extended to the attempt to collect the debt which had been settled and the liability for which had been erased pursuant to the settlement agreement.

34.     As required by O.C.G.A. § 10-1-399(b), on behalf of Mark, Adams Law Firm placed a written demand upon Bank of America for settlement (copy attached as Exhibit "A" pp. 1-8).

35.     Bank of America failed to respond whatsoever within the allowed 45 days or at anytime thereafter to the demand for settlement.

36.     As a result of the unlawful practices described herein, i.e., collecting a debt which was not owed, Plaintiffs have been damaged in the amount of $4,390.11.

37.     The practice, i.e., the collection of a debt not owed, was a willful and intentional violation of The FBPA and Plaintiffs are entitled under § 10-1-399 to be awarded reasonable attorney's fees and expenses of litigation for failure of Bank of America to respond with a reasonable offer of settlement within 30 days of receipt of the demand for recovery made by the Plaintiffs.

38.     O.C.G.A. § 10-1-399 further provides and Plaintiffs so pray for

damages to be awarded against Defendants in the amount of three times the actual damages due to the knowing, willful, and intentional violation of the FBPA.

39.    The actions of Defendants were willful and intentional and showed malice, fraud, wantonness, oppression, or that entire want of care so as to raise the presumption of conscious indifference to consequences so as to authorize punitive damages under O.C.G.A. § 51-12-5.1(b).

## COUNT II

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT–

## 15 U.S.C. §§ 1692, ET AL.

40.    The allegations of paragraphs 1 – 29 are incorporated in this Count II by reference as though fully and completely set forth herein.

41.    Defendants violated the Federal Fair Debt Collection Practices Act, 15, U.S.C. §§ 1692, et. seq.

42.    Defendants in regard to the actions described herein were "debt collectors" as defined by the FDCPA.

43.    Defendants violated the FDCPA and in particular, § 807(2), 15 U.S.C. § 1692a(2), thereof in that Defendants made a false representation regarding the character, amount, and/or legal status of the debt of Mark.

44.    Defendants further violated § 807(5), 15 U.S.C. § 1692a(5) of The

9

FDPCA in that Defendants threatened to take legal action that could not legally be taken against Mark.

45.    Defendants further violated the FDCPA by collecting a debt which was paid and by representing that the debt was unpaid when, in effect, the settlement described herein had occurred and the consideration therefore had been paid.

46.    Defendants committed an unfair practice under the FDCPA and in particular under § 808(1), 15 U.S.C. § 1692f(1), thereof in that Defendants made a false representation that an amount of money was due to Bank of America when the account had been settled by compromise agreement and the consideration for said settlement had been paid to Bank of America.

47.    Defendants violated the FDCPA by failing to respond to the letter dated February 3, 2008 (attached as Exhibit "G" hereto) notifying that the debt was disputed and requesting details as to the debt including the identity of the account holder, the account number, and a detailed statement of the date the alleged debt was created.  Under § 809, 15 U.S.C. § 1692g(b) of the FDCPA, the failure of Defendants to furnish the requested information was a violation of § 809(h), 15 U.S.C. § 1692g(b), of the FDCPA in that no information whatsoever was ever furnished as requested by Plaintiffs to Defendants.

48.    Defendants further violated the FDCPA in that its agent, Penncro Associates, Inc. did not include information required by § 809(b), 15 U.S.C. § 1692g(b), in the initial communication (Exhibit "F" attached hereto), and further failed within five days after the communication to send Mark a written confirmation containing (1) the amount of the debt (2) the name of the creditor to whom the debt was allegedly owed, and (3) a statement that unless Mark, within 30 days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the debt collector; that if Mark notified Defendants in writing within the 30-day period, that the debt or any portion thereof, was disputed, Penncro would obtain a verification of the debt or a copy of the judgment against Mark and a copy of such verification or judgment would be mailed to Mark by Penncro, and failed to include a statement that upon Mark's written request within 30 days Penncro would provide Mark with the name and address of the original creditor, if different from the current collector.

49.    Defendants further continued to contact Mark, after being repeatedly advised that Mark was represented by Alton M. Adams, in violation of the FDCPA and further violated the FDCPA by contacting Mark after 9:00 p.m. and by continuing in an attempt to collect the debt, and, in fact, collecting the debt after being notified in writing that the debt was not owed, in violation of the FDCPA.

11

50.     Plaintiffs are entitled under § 813, 15 U.S.C. § 1692k, of the FDCPA to recover from Defendants, individually and separately, the actual damage sustained by Plaintiffs in the amount of $3,918.00 together with additional damages in the amount of $1,000.00 together with the cost of the action, including reasonable attorney's fees as determined by the court.

51.     Plaintiff Mark A. Adams suffered severe emotional distress damages as a result of the violation by Defendants of the FDCPA so as to be entitle Mark to the recovery from Bank of America and Penncro for such emotional distress damages as found by a jury upon trial in this case.

**COUNT III**

**ACTUAL AND/OR CONSTRUCTIVE FRAUD AND DECEIT –**

**O.C.G.A. § 23-2-51 AND O.C.G.A. § 23-2-53**

52.     The allegations in paragraphs 1-29 are incorporated in this Count III by reference as though fully and completely set forth herein.

53.     Defendants suppressed the truth in regard to the amount owed by Mark to Bank of America. By representing that an amount was outstanding and unpaid when, in effect, both Defendants knew that no amount was due, amounted to suppression, misrepresentation, and concealment of a fact and bad faith so as to impute moral guilt.

54. The suppression of the material fact due to the particular circumstances of the case amounted to actual and/or constructive fraud and deceit under O.C.G.A. § 23-2-51 and O.C.G.A. § 23-2-53.

55. The described constructive fraud provides evidence of willful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences so as to authorize punitive damages. Conscious indifference to consequences relates to an intentional disregard of the rights of another, knowingly or willfully disregarding such rights.

56. Plaintiffs are entitled to actual and punitive damages as a result of the constructive fraud of Defendants.

57. In regard to the action for fraud and deceit perpetrated by Defendants upon Plaintiffs, Plaintiffs show: (a) Defendants made representations that Plaintiff Mark continued to owe money to Bank of America; (b) at the time Defendants made the representation, they knew the representations were false or were made with a reckless representation of facts as true which Defendants should have known were false, intended to deceive the Plaintiffs; (c) Defendants made the representations with the intention and purpose of deceiving Plaintiffs into paying additional money on an account which had been settled; (d) Plaintiff Alton M.

Adams relied upon such representations by making payment of the amount

demanded; (e) Plaintiffs sustained loss and damages as a proximate result of the

representations made by Defendants; and (f) Alton M. Adams did not know the

representations were made as to the Bank of America account and were thus false.

58.    As a result of the fraud and deceit perpetrated by Defendants upon

Plaintiffs, Plaintiffs are entitled to collect from Defendants actual damages and

punitive damages.

## COUNT IV

## CONVERSION UNDER O.C.G.A. § 51-10-1

59.    The allegations in paragraphs 1-29 are incorporated in this Count IV

by reference as though fully and completely set forth herein.

60.    Defendants Bank of America and Penncro obtained from Plaintiff

Alton M. Adams the sum of $3,918.00, on May 21, 2008 by debit from the

operating account of Adams Law Firm, L.L.C.  See attached Exhibit "H."

61.    Payment was made under the false and fraudulent representation of

Defendants that said $3,918.00 was owed by Mark to Bank of America.

62.    Adams Law Firm, L.L.C. in its letter of July 27, 2008 (attached as

Exhibit "A" p. 5) demanded Bank of America to repay the sum of $3,918.00.

Bank of America refused to repay said amount, and also failed to answer the

demand which was sent, as directed by Bank of America, to the dispute department of Bank of America by three methods, to wit: Federal Express, Express Mail, and fax. The account customer, Mark A. Adams, as well as the collection account number and the previous original account number were clearly identified in the correspondence dated July 27, 2008 to Bank of America.

63.    Alton M. Adams and Mark A. Adams are the owners of said $3,918.00 Defendant Bank of America has in its possession. The deprivation, following demand, of said sums is a tortious act under O.C.G.A. § 51-10-1.

64.    O.C.G.A. § 51-10-1 applies equally to the conversion of money as to the conversion of chattels. Grant v. Newson, 201 Ga. App. 710, 411 S. E. 2d 7916 (1991).

65.    As a result of said conversion, Plaintiffs are entitled to the principal sum of $3,918.00 and also to lost interest on said money.

66.    The actions of Bank of America in its continuous and unlawful deprivation of the money of Plaintiffs is such as to evidence a willful disregard for the rights of Plaintiffs and to entitle Plaintiffs to recover punitive damages as allowed by Georgia law. See Grant v. Newson, supra.

## DEMAND FOR TRIAL BY JURY

67.    Plaintiffs do hereby demand trial by jury of each and every issue of

fact which exists as to each and every claim set forth in this Complaint.

WHEREFORE, Plaintiffs prays:

1.    That Defendants be served with a copy of this Complaint together with attached exhibits and summons by a method authorized by law;

2.    (a)    That Plaintiffs have judgment against Defendants, jointly and severally, for damages under Count I, violation of Georgia's FBPA, in the amount of $4,390.11 together with accrued interest; and

(b)    Reasonable attorney's fees and expenses of litigation against Bank of America for failure to respond with a reasonable offer of settlement within 30 days under O.C.G.A. § 10-1-399; and

(c) damages in the amount of three times the actual damages due to the knowing, willful, and intentional violation of the FBPA as provided by O.C.G.A. § 10-1-399; and

(d)    Punitive damages as authorized under O.C.G.A. § 51-12-5.1(b); and

(e)    The amount to be demanded under this Count I shall be that the jury return such an amount of total damages as authorized by the evidence in an amount of more than $75,000.00;

3.    That Plaintiffs recover from Defendants, jointly and severally, under

16

Count II, violation of the Federal FDCPA, for false representation regarding the character, amount, and/or legal status of the debt of Mark A. Adams; for threatening to take legal action that could not be taken against Mark A. Adams; for representing that the debt sought to be collected was unpaid when, in effect, the debt had been settled through negotiations; and for commission of unfair practices as set out in paragraphs 47 through 49, damages as follows:

        (a)     Actual damages of $3,918.00; and

        (b)     Additional damages in the amount of $1,000.00 together with;

        (c) the cost of the action, including reasonable attorney's fees as determined by the Court under 15 U.S.C. § 1692k (§813 of the FDCPA);

        (d) that Plaintiff Mark A. Adams recover for emotional damages suffered as a result of Defendants' violation of the FDCPA such amount as determined by a jury upon trial of this case;

    4.     That Plaintiffs recover of Defendants, jointly and severally, under Count III, O.C.G.A. § 23-2-51 and § 23-2-53, for actual and/or constructive fraud and deceit:

        (a) Both actual and punitive damages as authorized by Georgia law; and

    5.     That Plaintiffs recover of Defendants, jointly and severally for

conversion, under Count IV, O.C.G.A. § 51-10-1:

(a)    The sum of $3,918.00 together with interest during the time Bank of

America has held such funds until the date of payment;

(b)    Punitive damages as authorized by O.C.G.A. § 51-10-1;

6.    For such other and further relief to which Plaintiffs are entitled as a result of

the allegations set out in the within Complaint.

This _____ day of October, 2008.

Alton M. Adams
for Adams Law Firm, L.L.C.
Attorney for Plaintiffs
Georgia Bar No. 002500

P. O. Box 488
Toccoa, Georgia 30577
Phone:  (706) 886-3401
Fax:  (706) 282-1954
adamslawfirm@windstream.net

18

## VERIFICATION

State of Georgia, County of Stephens

I, Alton M. Adams, individually and as attorney for Plaintiffs having been duly sworn in the above-entitled action, state, that I am authorized to file the foregoing Complaint on behalf of Mark A. Adams and that I am also a party plaintiff in this Action, that I have read this Complaint and that to the best of my knowledge, information, and belief, the allegations are true and correct and that this Complaint is not interposed for any improper purpose.

This _____ day of October, 2008.

Alton M. Adams
for Adams Law Firm, L.L.C.
Attorney for Plaintiffs
Georgia Bar No. 002500

P. O. Box 488
Toccoa, Georgia 30577
Phone:  (706) 886-3401
Fax: (706) 282-1954
adamslawfirm@windstream.net

Subscribed and sworn to before me
This _____ day of October, 2008:

Dina Merck, Notary Public