# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA – ATLANTA DIVISION

|  |  |  |
|---|---|---|
| MARK A. ADAMS | ) | |
| and ALTON M. ADAMS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-3376-GET |
| | ) | |
| BANK OF AMERICA | ) | |
| CORPORATION and | ) | |
| CLIENT SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' AMENDED COMPLAINT

COME NOW the Plaintiffs, Alton M. Adams (herein sometimes called "Alton") and Mark. A. Adams (herein sometimes called "Mark") and, pursuant to permission and order of this Court dated the 16th day of April, 2009, file the within Amended Complaint, the purpose of which is to substitute the claims against Penncro Associates, Inc. so that said claims are against the correct Defendant, Client Services, Inc., and hereafter said style of the Amended Complaint shall be this Amended Complaint against Defendants, Bank of America Corporation (herein sometimes called "Bank of America") and Client Services, Inc. (herein sometimes called "Client Services"), as herein set forth:

## PARTIES

1.     Alton M. Adams is an individual who resides at 60 Ridgeview Heights, Toccoa, Stephens County, Georgia 30577.

2.     Mark A. Adams is an individual who resides at 700 Alstonefield Dr., Alpharetta, Fulton County, Georgia 30004.

3.     Bank of America is a profit corporation whose principal office address is 401 North Tryon Street, Charlotte, North Carolina 28255-0001, domesticated in Georgia, and whose registered agent in Georgia is CT Corporation System, 1201 Peachtree Street, N. E., Atlanta, Fulton County, Georgia 30361.

4.     Client Services, Inc. is a profit corporation whose principal office address is 3420 Harry S. Truman Blvd., St. Charles, Missouri  63301, and whose registered agent is Daniel K. Barklage, 211 North Third Street, St. Charles, Missouri  63301.

## JURISDICTION AND VENUE

5.     The jurisdiction of this court is based on diversity of citizenship pursuant to 28 USC § 1332.

6.     This is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.     Plaintiffs are natural persons who are residents of the state of Georgia.

8.     Defendant Bank of America is a corporation incorporated under the laws of Delaware and has its principal place of business at 401 N. Tryon Street, Charlotte, North Carolina 28255-0001

9.     Defendant Client Services, Inc. is a corporation incorporated under the laws of the state of Missouri and has its principal place of business at 3420 Harry S. Truman Blvd., St. Charles, Missouri  63301.

10.     The jurisdiction of this court is also based upon Federal Question Jurisdiction, 28 USC § 1331.  Count II of the complaint alleges a cause of action under The Fair Debt Collection Practices Act, 15 USC §§ 1692 – 1692(p) (hereinafter called the "FDCPA") which provides that any action to enforce civil liability under the FDCPA  may be brought in any appropriate United States District Court without regard to the amount in controversy. 15 USC § 1692(k).

11. Venue is proper in this district under 28 USC § 1391(a) because jurisdiction is primarily founded on diversity of jurisdiction and the Plaintiffs and the registered agent of defendant Bank of America reside in the northern district of Georgia, Atlanta Division.  The registered agent of Bank of America is CT Corporation with an address of 1201 Peachtree Street, N. E., Atlanta, Fulton County, Georgia 30361.  Plaintiff Mark A. Adams resides in Fulton County, Georgia with an address of 700 Alstonefield Dr., Alpharetta, Georgia 30004, and

Plaintiff Alton M. Adams resides at 60 Ridgeview Heights, Toccoa, Georgia 30577.

## FACTS

12.    Defendant Client Services, at all times relevant to this complaint, was the agent of Bank of America and, as such, Bank of America is liable for the actions of Client Services and Client Services is additionally liable for its own actions.

13.    On information and belief, Client Services, before and during the time alleged in this complaint, had a continuing agency relationship with Bank of America whereby Client Services acted as a collection agent for Bank of America.

14.    Mark was a customer of Bank of America who had a line of credit of $10,000.00 in connection with account number 4427-1030-0013-5771 (herein "The Account").

15.    Plaintiff Mark is the son of Plaintiff Alton.

16.    After having The Account for a number of years, Mark suffered financial reverses and health problems which prevented Mark from paying the account.

17.    With Mark's consent, Alton began negotiations with Bank of America to settle the balance of The Account.  Bank of America required a statement under

oath of the assets and liabilities of Mark and his wife. Bank of America further required a statement of income and expenses per month of Mark and his wife.

18. By letter from Alton dated July 16, 2007, (copy attached as Exhibit "B" pp. 1-15) Bank of America was provided information as requested wherein an offer was made by Alton to pay on behalf of Mark $5,000.00 to settle entirely The Account. The Account at that time had a balance of approximately $9,030.91.

19. Bank of America, through its customer assistance department, by letter dated August 3, 2007, (copy attached as Exhibit "C" pp. 1-2) accepted Alton's offer to settle Mark's account for $5,000.00.

20. By letter dated August 6, 2007, Alton sent to Bank of America by UPS (copy attached as Exhibit "D" pp. 1-3), a certified check for $5,000.00. The certified check (copy attached as Exhibit "E") had written thereon Mark's Account number and listed the remitter as Mark A. Adams. The letter stated the $5,000.00 payment was the settlement to which Bank of America had agreed in writing.

21. Subsequently, on December 19, 2007, Mark received a letter from Client Services (copy attached as Exhibit "F") attempting to collect $4,390.11. The letter made no reference to the creditor and contained an account number which was alien to Mark and Alton.

22. It was not until July 11, 2008 that Bank of America's consumer

assistance department confirmed the following: when an account is "written off," the balance is assigned a second number and apparently then referred for collection by its agents.

23.    Penncro Associates, Inc. (herein called "Penncro"), as agent of Bank of America, was sent by Adams Law Firm, L.L.C. a letter dated February 3, 2008, (copy attached as Exhibit "G" pp. 1-5) wherein Alton correctly surmised that the letter from Penncro was an effort on behalf of Bank of America to collect the balance of The Account which had been settled for the payment of $5,000.00 six months earlier.

24.    Neither Adams Law Firm, L.L.C. nor Mark ever received any response from Penncro or Bank of America to the February 3, 2008, letter.

25.    Subsequently, Mark commenced receiving demands for payment directly from Bank of America and/or from Client Services or other collection agent acting as Bank of America's representative.  Mark advised the persons calling that he was represented by Adams Law Firm, L.L.C. and requested the caller to contact Alton.

26.    At the same time, Alton was negotiating settlement of the last known delinquent account of Mark which was with Citibank in connection with a MasterCard credit card.  Alton had decided to pay the Citibank MasterCard

indebtedness so that Mark would be free from credit card debt and free from debt collection agencies.

27.     Subsequently, Alton received a call wherein the caller threatened litigation if the account was not settled within a short time.  All of Alton's telephone conferences for two or three weeks prior thereto had been in connection with the Citibank account.  Alton assumed the caller threatening litigation represented Citibank or one of its collection agencies.  Therefore, Alton on behalf of Mark agreed to pay $3,918.00 by debit from Alton's law firm operating account with Stephens Federal Bank. See copy of bank statement showing debit on May 21, 2008, attached as Exhibit "H."

28.     Thereafter, Alton began receiving more collection calls in regard to the Citibank indebtedness.  Alton argued that he had paid $3,918.00 to settle the Citibank account on May 21, 2008.

29.     Mark subsequently received a letter from Bank of America (copy attached as Exhibit "I") dated June 13, 2008 wherein Bank of America thanked Mark for his "final payment" toward settlement "of $3,913.00."  It was then that Alton first realized that Bank of America had directly or through Client Services, its agent, fraudulently collected a debt which had been settled and satisfied on August 6, 2007, after much negotiation and effort.

## COUNT I

## VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT OF

## 1975, O.C.G.A. § 10-1-390 et seq.

30.     The allegations of paragraphs 1 – 29 are incorporated in this Count 1 by reference as though fully and completely set forth herein.

31.     The actions of Bank of America and Client Services described constitute an unlawful practice in violation of the Georgia Fair Business Practices Act of 1975, (O.C.G.A. § 10-1-390, et seq.), (herein "The FBPA").

32.     Specifically, the account of Mark with Bank of America was a consumer transaction within the meaning of The FBPA.

33.     The consumer transaction, in the present case, extended to the attempt to collect the debt which had been settled and the liability for which had been erased pursuant to the settlement agreement.

34.     As required by O.C.G.A. § 10-1-399(b), on behalf of Mark, Adams Law Firm placed a written demand upon Bank of America for settlement (copy attached as Exhibit "A" pp. 1-8).

35.     Bank of America failed to respond whatsoever within the allowed 45 days or at anytime thereafter to the demand for settlement.

36.     As a result of the unlawful practices described herein, i.e., collecting a

debt which was not owed, Plaintiffs have been damaged in the amount of $4,390.11.

37.     The practice, i.e., the collection of a debt not owed, was a willful and intentional violation of The FBPA and Plaintiffs are entitled under § 10-1-399 to be awarded reasonable attorney's fees and expenses of litigation for failure of Bank of America to respond with a reasonable offer of settlement within 30 days of receipt of the demand for recovery made by the Plaintiffs.

38.     O.C.G.A. § 10-1-399 further provides and Plaintiffs so pray for damages to be awarded against Defendants in the amount of three times the actual damages due to the knowing, willful, and intentional violation of the FBPA.

39.     The actions of Defendants were willful and intentional and showed malice, fraud, wantonness, oppression, or that entire want of care so as to raise the presumption of conscious indifference to consequences so as to authorize punitive damages under O.C.G.A. § 51-12-5.1(b).

## COUNT II

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT –

## 15 U.S.C. §§ 1692, ET AL.

40.     The allegations of paragraphs 1 – 29 are incorporated in this Count II by reference as though fully and completely set forth herein.

41.     Defendant Client Services violated the Federal Fair Debt Collection
Practices Act, 15, U.S.C. §§ 1692, et. seq.

42.     Defendant Client Services in regard to the actions described herein
was a "debt collector" as defined by the FDCPA.

43.     Defendant Client Services violated the FDCPA and in particular, §
807(2), 15 U.S.C. § 1692a(2), thereof in that Defendants made a false
representation regarding the character, amount, and/or legal status of the debt of
Mark.

44.     Defendant Client Services further violated § 807(5), 15 U.S.C. §
1692a(5) of The FDPCA in that said Defendant threatened to take legal action that
could not legally be taken against Mark.

45.     Defendant Client Services further violated the FDCPA by collecting a
debt which was paid and by representing that the debt was unpaid when, in effect,
the settlement described herein had occurred and the consideration therefore had
been paid.

46.     Defendant Client Services committed an unfair practice under the
FDCPA and in particular under § 808(1), 15 U.S.C. § 1692f(1), thereof in that said
Defendant made a false representation that an amount of money was due to Bank
of America when the account had been settled by compromise agreement and the

consideration for said settlement had been paid to Bank of America.

47.     Defendant Client Services violated the FDCPA by failing to respond to the letter dated February 3, 2008, (attached as Exhibit "G" hereto) notifying that the debt was disputed and requesting details as to the debt including the identity of the account holder, the account number, and a detailed statement of the date the alleged debt was created.  Under § 809, 15 U.S.C. § 1692g(b) of the FDCPA, the failure of Defendant Client Services to furnish the requested information was a violation of § 809(h), 15 U.S.C. § 1692g(b), of the FDCPA in that no information whatsoever was ever furnished as requested by Plaintiffs to said Defendant.

48.     Defendant Client Services further violated the FDCPA in that it did not include information required by § 809(b), 15 U.S.C. § 1692g(b), in the initial communication (Exhibit "F" attached hereto), and further failed within five days after the communication to send Mark written confirmation containing (1) the amount of the debt (2) the name of the creditor to whom the debt was allegedly owed, and (3) a statement that unless Mark, within 30 days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the debt collector; that if Mark notified Defendant Client Services in writing within the 30-day period, that the debt or any portion thereof, was disputed, Client Services would obtain  a verification of the debt or a copy of

the judgment against Mark and a copy of such verification or judgment would be mailed to Mark by Client Services, and failed to include a statement that upon Mark's written request within 30 days Client Services would provide Mark with the name and address of the original creditor, if different from the current collector.

49.     Defendant Client Services further continued to contact Mark, after being repeatedly advised that Mark was represented by Alton M. Adams, in violation of the FDCPA and further violated the FDCPA by contacting Mark after 9:00 p.m. and by continuing in an attempt to collect the debt, and, in fact, collecting the debt after being notified in writing that the debt was not owed, in violation of the FDCPA.

50.     Plaintiffs are entitled under § 813, 15 U.S.C. § 1692k, of the FDCPA to recover from Client Services the actual damage sustained by Plaintiffs in the amount of $3,918.00 together with additional damages in the amount of $1,000.00 together with the cost of the action, including reasonable attorney's fees as determined by the court.

51.     Plaintiff Mark suffered severe emotional distress damages as a result of the violation by Client Services of the FDCPA so as to be entitle Mark to the recovery from Client Services for such emotional distress damages as found by a jury upon trial in this case.

# COUNT III

## ACTUAL AND/OR CONSTRUCTIVE FRAUD AND DECEIT –

## O.C.G.A. § 23-2-51 AND O.C.G.A. § 23-2-53

52.     The allegations in paragraphs 1-29 are incorporated in this Count III by reference as though fully and completely set forth herein.

53.     Defendants suppressed the truth in regard to the amount owed by Mark to Bank of America.  By representing that an amount was outstanding and unpaid when, in effect, both Defendants knew that no amount was due, amounted to suppression, misrepresentation, and concealment of a fact and bad faith so as to impute moral guilt.

54.     The suppression of the material fact due to the particular circumstances of the case amounted to actual and/or constructive fraud and deceit under O.C.G.A. § 23-2-51 and O.C.G.A. § 23-2-53.

55.     The described constructive fraud provides evidence of willful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences so as to authorize punitive damages.  Conscious indifference to consequences relates to an intentional disregard of the rights of another, knowingly or willfully disregarding such rights.

56.     Plaintiffs are entitled to actual and punitive damages as a result of the constructive fraud of Defendants.

57.     In regard to the action for fraud and deceit perpetrated by Defendants upon Plaintiffs, Plaintiffs show: (a) Defendants made representations that Plaintiff Mark continued to owe money to Bank of America; (b) at the time Defendants made the representation, they knew the representations were false or were made with a reckless representation of facts as true which Defendants should have known were false, intended to deceive the Plaintiffs;  (c)  Defendants made the representations with the intention and purpose of deceiving Plaintiffs into paying additional money on an account which had been settled; (d) Plaintiff Alton relied upon such representations by making payment of the amount demanded; (e) Plaintiffs sustained loss and damages as a proximate result of the representations made by Defendants; and (f) Alton did not know the representations, as made by Bank of America, were false.

58.     As a result of the fraud and deceit perpetrated by Defendants upon Plaintiffs, Plaintiffs are entitled to collect from Defendants actual damages and punitive damages.

## COUNT IV

## CONVERSION UNDER O.C.G.A. § 51-10-1

59.     The allegations in paragraphs 1-29 are incorporated in this Count IV

by reference as though fully and completely set forth herein.

60.     Defendants Bank of America and Client Services obtained from

Plaintiff Alton the sum of $3,918.00, on May 21, 2008 by debit from the operating

account of Adams Law Firm, L.L.C.  See attached Exhibit "H."

61.     Payment was made under the false and fraudulent representation of

Defendants that said $3,918.00 was owed by Mark to Bank of America.

62.     Adams Law Firm, L.L.C. in its letter of July 27, 2008, (attached as

Exhibit "A" p. 5) demanded Bank of America to repay the sum of $3,918.00.

Bank of America refused to repay said amount, and also failed to answer the

demand which was sent, as directed by Bank of America, to the dispute department

of Bank of America by three methods, to wit: Federal Express, Express Mail, and

fax.  The account customer, Mark, as well as the collection account number and the

previous original account number were clearly identified in the correspondence

dated July 27, 2008 to Bank of America.

63.     Alton and Mark are the owners of said $3,918.00 Defendant Bank of

America has in its possession.  The deprivation, following demand, of said sums is

a tortious act under O.C.G.A. § 51-10-1.

64.    O.C.G.A. § 51-10-1 applies equally to the conversion of money as to the conversion of chattels.  <u>Grant v. Newson</u>, 201 Ga. App. 710, 411 S. E. 2d 7916 (1991).

65.    As a result of said conversion, Plaintiffs are entitled to the principal sum of $3,918.00 and also to lost interest on said money.

66.    The actions of  Bank of America in its continuous and unlawful deprivation of the money of Plaintiffs is such as to evidence a willful disregard for the rights of Plaintiffs so as to entitle Plaintiffs to recover punitive damages as allowed by Georgia law.  See <u>Grant v. Newson</u>, <u>supra</u>.

## <u>DEMAND FOR TRIAL BY JURY</u>

67.    Plaintiffs do hereby demand trial by jury of each and every issue of fact which exists as to each and every claim set forth in this Complaint.

WHEREFORE, Plaintiffs prays:

1.    That Defendants be served with a copy of this Complaint together with attached exhibits and summons by a method authorized by law;

2.    (a)    That Plaintiffs have judgment against Defendants, jointly and severally, for damages under Count I, violation of Georgia's FBPA, in the amount of $4,390.11 together with accrued interest; and

(b)     Reasonable attorney's fees and expenses of litigation against Bank of America for failure to respond with a reasonable offer of settlement within 30 days under O.C.G.A. § 10-1-399; and

(c) damages against Client Services in the amount of three times the actual damages due to the knowing, willful, and intentional violation of the FBPA as provided by O.C.G.A. § 10-1-399; and

(d)     Punitive damages as authorized under O.C.G.A. § 51-12-5.1(b); and

(e)     The amount to be demanded under this Count I shall be that the jury return such an amount of total damages as authorized by the evidence in an amount of more than $75,000.00;

3.     That Plaintiffs recover from Defendant Client Services, jointly and severally, under Count II, violation of the Federal FDCPA, for false representation regarding the character, amount, and/or legal status of the debt of Mark; for threatening to take legal action that could not be taken against Mark; for representing that the debt sought to be collected was unpaid when, in effect, the debt had been settled through negotiations; and for commission of unfair practices as set out in paragraphs 47 through 49, damages as follows:

(a)     Actual damages of $3,918.00; and

(b)     Additional damages in the amount of $1,000.00 together with;

(c)  the cost of the action, including reasonable attorney's fees as determined by the Court under 15 U.S.C. § 1692k (§813 of the FDCPA);

(d) that Plaintiff Mark recover for emotional damages suffered as a result of Defendant Client Services' violation of the FDCPA such amount as determined by a jury upon trial of this case;

4.     That Plaintiffs recover of Defendants, jointly and severally, under Count III, O.C.G.A. § 23-2-51 and § 23-2-53, for actual and/or constructive fraud and deceit:

(a)  Both actual and punitive damages as authorized by Georgia law; and

5.     That Plaintiffs recover of Defendants, jointly and severally for conversion, under Count IV, O.C.G.A. § 51-10-1:

(a)     The sum of $3,918.00 together with interest during the time Bank of America has held such funds until the date of payment;

(b)     Punitive damages as authorized by O.C.G.A. § 51-10-1;

6.     For such other and further relief to which Plaintiffs are entitled as a result of the allegations set out in the within Complaint.

This 22nd day of April, 2009.

/s/ Alton M. Adams
Alton M. Adams
for Adams Law Firm, L.L.C.
Attorney for Plaintiffs
Bar No. 002500

100 S. Sage Street
P. O. Box 488
Toccoa, Georgia 30577
Phone:  (706) 886-3401
Fax:  (706) 282-1954
adamslawfirm@windstream.net

## <u>VERIFICATION</u>

State of Georgia, County of Stephens

I, Alton M. Adams, individually and as attorney for Plaintiffs having been duly sworn in the above-entitled action, state, that I am authorized to file the foregoing Complaint on behalf of Mark A. Adams and that I am also a party plaintiff in this Action, that I have read this Complaint and that to the best of my knowledge, information, and belief, the allegations are true and correct and that this Complaint is not interposed for any improper purpose.

This 22nd day of April, 2009.

/s/ Alton M. Adams
Alton M. Adams
for Adams Law Firm, L.L.C.
Attorney for Plaintiffs
Georgia Bar No. 002500

P. O. Box 488
Toccoa, Georgia 30577
Phone:  (706) 886-3401
Fax:  (706) 282-1954
adamslawfirm@windstream.net

Subscribed and sworn to before me
this 22nd day of April, 2009:

/s/ Renee L. Martin
Notary Public for the State of Georgia,
County of Habersham
My commission expires June 18, 2010

## <u>FONT CERTIFICATION</u>

I certify use of 14 pt. Times New Roman font in accordance with the Local

Rules of this Court, including LR 5.1B, NDGa.

/s/ Alton M. Adams
Alton M. Adams
Georgia Bar No. 002500

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the within and foregoing Plaintiffs' Amended

Complaint has been served via the CM/ECF notification system upon the

following:

Thomas E. Austin, Jr.
THOMAS E. AUSTIN, JR., LLC
3340 Peachtree Rd., N. E., Ste. 1760
Atlanta, Georgia 30326
Telephone:  404-814-3755
Fax:  404-261-4065
taustin@taustinlaw.com

Linda S. Finley
Jonathan E. Green
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
3414 Peachtree Rd., N.E., Ste. 1600
Atlanta, Georgia  30326
Telephone:  404-577-6000
Fax:  404-221-6501
lfinley@bakerdonelson.com
jegreen@bakerdonelson.com

This 22nd day of April, 2009.

s/ Alton M. Adams
Alton M. Adams
for Adams Law Firm, L.L.C.
Attorney for Plaintiffs
Bar No. 002500

100 S. Sage Street
P. O. Box 488
Toccoa, Georgia 30577
Phone:  (706) 886-3401
Fax:  (706) 282-1954
adamslawfirm@windstream.net